Carroll v. USA                          CV-98-050-JD  06/16/98
                    UNITED STATES DISTRICT COURT FOR THE
                         DISTRICT OF NEW HAMPSHIRE

Christopher Carroll

        v.                              Civil No. 98-050-JD

United States of America


                              O R D E R


        The petitioner was convicted of one count of producing child

pornography (18 U.S.C. § 2251(a)) following a trial by jury.  He

appealed his conviction and the conviction was affirmed.  United

States v. Carroll, 105 F.3d 740 (1st Cir. 1997), cert. denied,

___ U.S. ___, 117 S. Ct. 187 (1997).  He was represented at trial

and on appeal by the same federal defender.  On January 30, 1998,

the petitioner filed a petition pursuant to 28 U.S.C. § 2255.  A

hearing was held on June 8, 1998, limited to the issue of

effective assistance of counsel on appeal.  The background of

this case is adequately set forth in the Carroll opinion, supra,

and need not be repeated here.

        The petitioner for the most part seeks to retry the case in

a collateral proceeding and to raise issues which could have been

raised on direct appeal, with the exception of the ineffective

assistance of counsel claim.  Therefore, the court will first

address this claim.

The petitioner contends that counsel was ineffective at trial. An issue has also arisen concerning counsel's effectiveness on appeal, since the other issues raised by the petitioner could have been raised on direct appeal.

The case of Strickland v. Washington, 466 U.S. 668 (1984), established the standard for assessing an effective assistance claim. "First, the defendant must show that counsel's performance was deficient . . . . Second, the defendant must show that the deficient performance prejudiced the defense." Id. at 2064. "The burden is on the petitioner to demonstrate ineffective assistance by a preponderance of the evidence. See Myatt v. United States, 875 F.2d 8, 11 (1st Cir. 1989); United States v. DiCarlo, 575 F.2d 952, 954 (1st Cir.), cert. denied, 439 U.S. 834, 99 S. Ct. 115, 58 L.Ed.2d 129 (1978)." Lema v. United States, 987 F.2d 48, 51 (1st Cir. 1993).

Trial counsel in this matter was an experienced criminal trial and appellate lawyer who prosecuted the petitioner's defense vigorously. Petitioner complains that trial counsel failed to move to suppress a certain alleged tape recording of a telephone conversation between Officer Calzada and himself, failed to investigate the case properly in order to refute the prosecution's theory of when the pictures were taken, failed to prepare a key defense witness (Mr. Alkahafagi), failed to

determine if the petitioner had access to the Internet at the time the pictures were taken, and failed to object to certain prosecution arguments concerning petitioner's access to the Internet. In support of these contentions the petitioner has submitted the affidavits of a friend and two family members along with his own affidavit.

The tape recording in question was not illegal and therefore trial counsel had no obligation to seek its suppression. See 18 U.S.C. § 2511(2)(d). Officer Calzada consented to the taping. In addition, as trial counsel pointed out at the June 8, 1998, hearing, a strategic decision was made to allow the tape into evidence so that the petitioner's story could be told to the jury in the event he did not testify.

The petitioner contends that defense counsel failed to challenge misleading testimony and argument presented by the prosecutor to the jury to the effect that the petitioner intended to use the photographs on the Internet and had access to the Internet. The victim, who will be referred to as Brittany, testified that the petitioner told her he intended to scan the photographs into a friend's computer and disburse them on the Internet. Brittany's testimony, along with the testimony of William Douglas Allen, provided ample justification for the prosecutor to argue as he did. Furthermore, Allen's affidavit

3

submitted in support of the petition does nothing to help the petitioner since Allen claims he did not have an Internet account until April of 1996 and yet an attached letter from his Internet provider indicates that his account was set up on April 21, 1995. This discrepancy calls into serious question the credibility of Allen's affidavit and creates the appearance that he is engaging in an after-the-fact attempt to manipulate his testimony for the petitioner's advantage. It is also worth noting that while the petitioner states in his affidavit that neither Allen nor he had Internet access on January 8, 1995, he readily admits that "on-line" picture trading had occurred prior to Allen's canceling his America-on-Line account in January of 1994. Allen, during his trial testimony, described the process of scanning pictures for on-line distribution. Regardless of whether or not the petitioner or Allen had access to the Internet on January 8, 1995, one of the material issues in this case was the petitioner's intent, as he stated it to Brittany, to take the pictures to another state to be developed and to put them on the Internet. There was a sufficient and proper evidentiary basis for the prosecutor's argument to the jury concerning the petitioner's intent. In addition, the petitioner cannot complain that trial counsel did not adequately investigate the Internet access issue because this was a matter which clearly was within

4

the knowledge of the petitioner and could have been communicated by him to counsel before and during trial. Trial counsel consulted regularly with the petitioner during the trial so he had every opportunity to raise this issue with her if he thought it was important. In the court's opinion, the petitioner is attempting to create an issue after the fact.

A review of the testimony of the alibi witness, Mr. Alkahafagi, demonstrates that he made every effort on direct examination to accommodate his testimony to the petitioner's theory and to obfuscate matters when he was cross-examined, a fact that did not escape the court's attention during the trial. In the court's opinion, this witness dissembled during his testimony. As to the conclusory allegations that trial counsel did not investigate the case properly, the affidavits offered in support of these allegations fail to provide any support for them. The issue of when the photographs were taken was thoroughly pursued and litigated by trial counsel. In addition, the affidavits contain no information which if presented to the jury would have resulted in a different verdict in this case.

After reviewing the petitioner's allegations of ineffective assistance of trial counsel, the court finds that trial counsel's competence was within the range of competence required of counsel in criminal cases and that her performance did not fall below the

5

standard of performance of reasonably proficient counsel.
Indeed, trial counsel provided the petitioner with effective
representation in the face of compelling evidence, both direct
and circumstantial, produced by the government in support of the
charge.

In determining whether appellate counsel (who was also trial
counsel) was ineffective on appeal, the court will also apply the
Strickland standard.  Appellate counsel is not under an
obligation to appeal any issue that an indigent defendant wants
to have appealed, whether the issue is frivolous or nonfrivolous.
The United States Supreme Court in Jones v. Barnes discussed the
authority of an indigent defendant and appointed counsel.

> It is also recognized that the accused has the ultimate
> authority to make certain fundamental decisions
> regarding the case, as to whether to plead guilty,
> waive a jury, testify in his or her own behalf, or take
> an appeal, see Wainwright v. Sykes, 433 U.S. 72, 93 n.
> 1, 97 S.Ct. 2497, 2509 n. 1, 53 L.Ed.2d 594 (1977)
> (BURGER, C.J., concurring); ABA Standard for Criminal
> Justice 4-5.2, 21-2.2 (2d ed. 1980) . . . .  Neither
> Anders [v. California, 386, U.S. 738 (1967)] nor any
> other decision of this Court suggests, however, that
> the indigent defendant has a constitutional right to
> compel appointed counsel to press nonfrivolous points
> requested by the client, if counsel, as a matter of
> professional judgment, decides not to present those
> points.

463 U.S. 745, 751 (1983).

Appellate counsel reviewed both the trial transcript and her
own detailed trial notes to determine if there were any issues

6

that merited appeal.  She then spoke to the petitioner about the issues that might be raised on appeal.  She determined that most of her objections during trial were sustained but that one serious objection concerning jury instructions was overruled.  After speaking with the petitioner she decided to appeal two issues:  (1) jury instructions and; (2) the sufficiency of the evidence.  She sent the petitioner copies of the notice of appeal, the statement of issues on appeal, the appellate brief, the government's reply brief, along with various correspondence.  Since the issues were straightforward and the petitioner was anxious for appellate review, she waived oral argument based on her understanding that review would take place more expeditiously.  After the petitioner received the statement of issues on appeal, he called counsel to discuss the issue of the taped phone conversation.  She reviewed the trial strategy on that issue and explained that because the tape came into evidence without objection, she could not appeal that issue.

The court finds that appellate counsel undertook a careful review of the trial record to select meritorious issues for appeal and engaged in appropriate consultation with the petitioner concerning his appeal.  She exercised her professional judgment in an appropriately critical manner to select the issues for appeal, and the fact that she did not pursue all the issues

7

petitioner may have wanted her to pursue on appeal did not deny him the effective assistance of counsel on appeal. The court finds that appellate counsel's competence was within the range of competence required of appellate counsel in criminal cases and that her performance did not fall below the standard of performance of reasonably proficient appellate counsel. The mere fact that she did not succeed on appeal does not detract from the vigor and competence with which she represented the petitioner.

Based on the court's ruling that the petitioner was effectively represented by trial and appellate counsel, the court finds that the other issues raised by the petitioner in his petition are issues that could have been raised on appeal but were not because in the professional judgment of appellate counsel they should not have been appealed. Therefore, since those issues are not of the type that can be presented for review in the context of a § 2255 petition, the court need not consider them. United States v. Frady, 456 U.S. 152 (1982); United States v. Addonizio, 442 U.S. 178 (1979).

Petition dismissed.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
District Judge

June 16, 1998
cc:  James M. Winston, Esquire
     Alison Kubiak, Esquire
     Peter E. Papps, Esquire

8